1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## FOR THE EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC, | 1:12-CV-00735-LJO-SMS |
| Plaintiff, | **ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS** (Docs. 28) |
| v. | |
| ANGEL ROBERT BENITEZ and ANGELA GONZALEZ, individually and d/b/a SANGER POOL HALL, | |
| Defendants. | |

9
10
11
12
13
14
15
16

## PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

17         Judges in the Eastern District of California carry the heaviest caseload in the nation, and this

18  Court is unable to devote inordinate time and resources to individual cases and matters.  This Court

19  cannot address all arguments, evidence and matters raised by parties and addresses only the arguments,

20  evidence and matters necessary to reach the decision in this order given the shortage of district judges

21  and staff.  The parties and counsel are encouraged to contact the offices of United States Senators

22  Feinstein and Boxer to address this Court's inability to accommodate the parties and this action.  The

23  parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that

24  the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S.

25  District Judge Lawrence  J. O'Neill who must prioritize criminal and older civil cases.

26                                         **INTRODUCTION**

27         On May 4, 2012, Plaintiff J & J Sports Productions, Inc. ("J & J Sports") brought this action

28  against  Defendants  Angel  Robert  Benitez  ("Benitez")  and  Angela  Gonzalez  ("Gonzalez"),  as

individuals and doing business as Sanger Pool Hall (collectively, "Defendants"), for violations of the Communications Act of 1943, 47 U.S.C. § 605, *et seq*, the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq*, California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200, and common law.  Benitez filed an answer on October 5, 2012, and Gonzalez filed an answer on October 17, 2012.  Before the Court is Defendants' motion for judgment on the pleadings.  For the reasons discussed below, the Court DENIES Defendants' motion for judgment on the pleadings.

## BACKGROUND

J & J Sports, a California corporation, has exclusive nationwide commercial broadcast rights to *Manny Pacquiao v. Shane Mosley, WBO Welterweight Championship Fight Program* ("Program") that was closed-circuit telecast nationwide on May 7, 2011.  J & J Sports obtained the exclusive commercial broadcast rights from Top Rank, Inc. ("Top Rank"), a boxing promoter who owns the copyright to the Program.  J & J Sports entered into subsequent sublicensing agreements with various entities and granted to them limited sublicensing rights, including the right to exhibit the Program within their commercial establishments.

Defendants are the owners and operators of Sanger Pool Hall.  J & J alleges that, on May 7, 2011, Defendants specifically instructed the employees of Sanger Pool Hall to unlawfully intercept and broadcast the Program at Sanger Pool Hall.  J & J Sports further alleges that the unlawful broadcast of the Program resulted in increased profits for Sanger Pool Hall.

J & J Sports brought this action in this Court against Defendants on May 4, 2012 on the basis of federal question jurisdiction.  J & J Sports alleges violations of 47 U.S.C. § 605, § 553, and the UCL as well as common law conversion.  J & J Sports seeks statutory, compensatory, and punitive damages, restitution, declaratory and injunctive relief, costs, and attorneys' fees.  Defendants filed separate answers in October 2012 and jointly filed the instant motion on August 9, 2013.  Defendants assert that J & J Sports lacks standing to bring the claims in its complaint.  J & J Sports filed an opposition on August 27, 2013, and Defendants filed a reply on August 29, 2013.

**DISCUSSION**

A.     **Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings**

1.     **Legal Standard**

"The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010).  "A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996); *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995)).  "Judgment may only be granted when the pleadings show that it is 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 529 (2d Cir. 1996); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *In re Seizure*, 683 F. Supp. 2d at 1089 (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)).  "A court should grant a motion for judgment on the pleadings only when the moving party is entitled to judgment as a matter of law." *Id.* (citing *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir.1999)).

Further, "the court is not limited to consider only the pleadings." *Id.* (citing *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F.Supp.2d 455, 457 (S.D.N.Y. 1998)).  "In assessing a motion for judgment on the pleadings where a party challenges subject matter jurisdiction, the court may consider extrinsic evidence." *Id.*[1]

2.     **Analysis**

Defendants assert that this Court lacks subject matter jurisdiction in this matter because J & J Sports lacks standing to bring the claims in his complaint.  J & J Sports argues, and Defendants do not appear to contest, that J & J Sports has constitutional standing to bring these claims.  *Lujan v.*

---

[1] Defendants' argument to the contrary is without merit.

3

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Rather, Defendants allege that J & J Sports fails to meet a definition of standing that is "further limited" by prudential, statutory, and contractual standing requirements.

### i.        Standing under 47 U.S.C. § 605 and § 553

Under 47 U.S.C. § 605(d)(6), a party has standing to sue under 47 U.S.C. § 605(e) (3)(A) and § 553(c)(1) where he or she is "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming."

J & J Sports contractually acquired propriety rights to the Program, including the exclusive right to exhibit the Program at commercial closed circuit television exhibition outlets.  Therefore, J & J Sports has standing to use under 47 U.S.C. § 605(e) (3)(A) and § 553(c)(1) to enforce those rights against Defendants' alleged unlawful interception.  47 U.S.C. § 605(d)(6).  Defendants' assertion that, "in order to have standing to sue[,] the plaintiff (licensee) must have the sole discretion to sue, the original licensor cannot have retained rights to … license other parties, the original licensor cannot retain a financial interest in the litigation … and all rights must be transferred to the licensee" is unpersuasive.  (Doc. 28, p. 8).

Rather, district courts within the Ninth Circuit have found a plaintiff's ownership of distribution or exhibition rights to be sufficient for standing to sue under 47 U.S.C. § 605 and § 553. *See*, *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) ("Plaintiff's Complaint alleges facts sufficient to establish that he is a person aggrieved with standing to sue under 47 U.S.C. § 605(e) (3)(A) and § 553(c)(1) based on his ownership of distribution rights."); *J & J Sports Prods., Inc. v. Mendoza-Govan*, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("The complaint alleges that plaintiff has exclusive distribution rights to the program, but defendant unlawfully intercepted its transmission and displayed it without authorization. Plaintiff has therefore adequately alleged standing."); *J & J Sports Prods., Inc. v. Barwick*, 2013 WL 2083123 (N.D. Cal. May 14, 2013) (same); *J & J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907 (E.D. Cal. Dec. 13, 2010) (same).

In fact, Defendants' alleged interception of the Program infringes the exact rights that J & J

Sports acquired from Top Rank – the exclusive right to exhibit the Program at commercial establishments, such as bars, clubs, lounges, and restaurants.  Whether J & J Sports owns other rights to the Program does not change the fact that Defendants' alleged conduct violated the rights that J & J Sports does own.  *See also*, *G & G Closed Circuit Events, LLC*, 2010 WL 3749284 ("Defendants allege that they paid for the pay-per-view showing of the Program and that therefore any violation relating to the pay-per-view is a claim that belongs to DirecTV, not to Plaintiff.  Whatever DirecTV's involvement may have been, it does not change the fact that if Defendants unlawfully broadcast the Program as Plaintiff alleges, Plaintiff suffered an injury in fact due to their actions.") (internal citation omitted).

Therefore, Defendants' motion for judgment on the pleadings as to J & J Sports' causes of action under 47 U.S.C. § 605 and § 553 is DENIED.

### ii.    Standing under the UCL

"[U]nder the UCL, standing extends to 'a person who has suffered injury in fact and has lost money or property as a result of the unfair competition[.]'"  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321-22 (2011) (citing Cal. Bus. Prof. Code § 17204).

"Injury in fact" is also a required element of constitutional standing.  *Lujan*, 504 U.S. at 561. J & J Sports asserts that its claims are "concrete and particularized," that the injury is "fairly traceable" to the challenged action allegedly taken by Defendants, and that "the injury will be redressed by a favorable decision."  *Id*.  Defendants do not present arguments or evidence to the contrary.

J & J Sports also alleges in the complaint that, as a result of Defendants' wrongful interception and broadcast of the Program, J & J Sports "has been permanently deprived by the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry."  (Doc. 1, ¶ 42).

Therefore, J & J Sports sufficiently pleads that it "has suffered an injury in fact and has lost money or property as a result of the unfair competition" to establish standing under the UCL.  *Kwikset Corp.*, 51 Cal. 4th at 321-22.  Defendants' motion for judgment on the pleadings as to J & J Sports' causes of action under the UCL is DENIED.

### iii.        Standing under Common Law

"Conversion is the wrongful exercise of dominion over the property of another." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.* (citing *Moore v. Regents of University of California*, 51 Cal.3d 120, 144 (1990); *Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543–544 (1996)). "Conversion is a strict liability tort." *Id.*

A conversion claim belongs to the owner of the allegedly converted property. Here, J & J Sports allege that Defendants wrongfully intercepted and broadcasted the Program. As discussed above, Defendants' alleged conduct infringes the exclusive rights that J & J Sports acquired from Top Rank to exhibit the Program at commercial establishments, such as bars, clubs, lounges, and restaurants. *Cf.*, *In re Pac. Gas & Elec. Co.*, 281 B.R. 1, 14 (Bankr. N.D. Cal. 2002) *aff'd City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115 (9th Cir. 2006) ("CCSF's Complaint indicates that at the time of the purported conversions, the money being converted was owned and held by Debtor. As such, the claim of conversion belongs to Debtor's estate and CCSF lacks standing to assert it."). Defendants' conduct also allegedly deprives J & J Sports of the commercial licensing fee Defendants should have paid to broadcast the Program.

Therefore, J & J Sports does not lack standing to bring its claim for common law conversion against Defendants. Defendants' motion for judgment on the pleadings as to J & J Sports' conversion cause of action is DENIED.

### CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Defendants Angel Robert Benitez and Angela Gonzalez's motion for judgment on the pleadings as to Plaintiff J & J Sports Production Inc.'s complaint.

IT IS SO ORDERED.

Dated:   __September 23, 2013__        ___/s/ Lawrence J. O'Neill___
                                            UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28